**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **KHALED KHALEEQ** | **CASE NO. 1:26-CV-04327 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SHAD RICE ET AL** | **MAGISTRATE JUDGE GALE** |

**MEMORANDUM ORDER**

Presently before the Court is the Motion for Temporary Restraining Order [ECF No. 4] filed by Petitioner. Petitioner is a 29-year-old citizen of Afghanistan.[1] Petitioner entered the United States lawfully on September 3, 2026 on a student visa.[2] Following three criminal convictions in California, Illinois and West Virginia, Petitioner was taken into custody by United States Immigration and Customs Enforcement ("ICE").[3] On March 18, 2026, an Immigration Judge ordered that Petitioner be removed to Afghanistan.[4] On October 19, 2026, Petitioner filed his present Petition for Writ of Habeas Corpus seeking release from custody on the basis that his lengthy detention was unconstitutional as Respondents would not likely be able to remove Petitioner to Afghanistan in the near future based upon diplomatic relationships between the United States and that country.

Petitioner has now filed the present emergency motion alleging that Petitioner has been made aware, through news articles and conversations with other Afghan nationals, that he *may* soon be removed to either Afghanistan or Pakistan. Petitioner seeks an emergency order requiring

[1] ECF. No. 1, ¶ 1.
[2] *Id.*, at ¶ 15.
[3] *Id.*, at ¶¶ 19-21.
[4] *Id.*, at ¶ 2.

Respondents to provide any documents which they are legally required to provide prior to his potential removal.

Preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[5] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[6]

The Court has reviewed the pleadings and finds that Petitioner has not demonstrated a likelihood of success on the merits of his claim and further that any irreparable harm to Petitioner is speculative. Accordingly,

IT IS ORDERED THAT the Motion for Temporary Restraining Order [ECF No. 4] is DENIED.

THUS DONE in Chambers on this 30th day of October, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[5] *Miss. Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).
[6] *Miss. Power & Light Co.* at 621.